IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                3:18-cr-00499-BR

            Plaintiff,                   OPINION AND ORDER


v.


EMANUEL DANTE HALL,

            Defendant.


**BILLY J. WILLIAMS**
United States Attorney
**THOMAS H. EDMONDS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

            Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
**ELIZABETH GILLINGHAM DAILY**
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

            Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on remand from the Ninth Circuit for the Court to reassess Defendant Emanuel Dante Hall's Motion (#78) to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) under the standard set out in *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).  The Court concludes the record is sufficiently developed, and, therefore, oral argument would not be helpful to the Court's reassessment.  For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On October 17, 2018, Defendant was charged with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  The Indictment alleged on September 30, 2018, Defendant "did knowingly and unlawfully possess" a firearm and had been convicted of the following crimes punishable by imprisonment for a term exceeding one year:  (1) Unlawful Use of a Weapon in November 2013, (2) Felon in Possession of a Firearm in September 2012, (3) Riot in September 2008, and (4) Felon in Possession of a Firearm in 2007.  On June 26, 2019, Defendant pled guilty to the charge of Felon in Possession pursuant to a Plea Agreement.  On November 18, 2019, the Court sentenced Defendant to a prison term of 60 months imprisonment and to three years of supervised release.

2 - OPINION AND ORDER

On October 2, 2020, Defendant filed a Motion (#78) to Reduce Sentence Pursuant to 18 U.S.C. § 3583(c)(1)(A)(i).

On December 15, 2020, the Court issued an Opinion and Order denying Defendant's Motion to Reduce Sentence.

On January 7, 2021, Defendant appealed the Court's December 15, 2020, Opinion and Order.

On April 8, 2021, the Ninth Circuit issued *Aruda*, in which it clarified certain standards that apply when evaluating motions for compassionate release.  The government moved to remand the matter to this Court to permit the Court to evaluate Defendant's Motion to Reduce Sentence under the standard clarified in *Aruda*.

On July 22, 2021, the Ninth Circuit remanded the matter to this Court to reassess Defendant Motion to Reduce Sentence under the standard set out in *Aruda*.

On September 15, 2021, Defendant filed a Supplemental Memorandum in Support of his Motion to Reduce Sentence.  The government filed a Response to Defendant's Supplemental Memorandum on October 1, 2021.  Defendant filed a Supplemental Reply on November 9, 2021, and the Court took the matter under advisement on that date.

## **DISCUSSION**

Defendant has 17 months left on his 60-month sentence. Defendant moves for an order reducing his sentence to time served

3 - OPINION AND ORDER

and amending the conditions of his supervised release to include
a period of community confinement at a residential reentry
center or at a "probation-approved residence" pursuant to
§ 3582(c)(1)(A)(i) on the ground that he suffers from a number of
underlying conditions "that increase his risk of serious illness
from COVID-19."

## I.    FSA Compassionate Release Standards

"'[A] judgment of conviction that includes [a sentence of
imprisonment] constitutes a final judgment' and may not be
modified by a district court except in limited circumstances."
*Dillon v. United States*, 560 U.S. 817, 824-25 (2010)(quoting
18 U.S.C. § 3582(b)).  Compassionate release is an exception in
extraordinary cases.

"For over thirty years, under the original statute, only the
BOP Director could file a § 3582(c)(1)(A) motion for a sentence
reduction on a defendant's behalf.  However, as part of the First
Step Act of 2018, [FSA] Congress amended § 3582(c)(1)(A) to allow
a defendant to seek a reduction directly from the court."  *United
States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).
Specifically, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to
provide:

> [T]he court . . . *upon motion of the defendant*
> after the defendant has fully exhausted all
> administrative [remedies] or the lapse of 30 days
> from the receipt of such a request by the warden
> of the defendant's facility, whichever is earlier
> may reduce the term of imprisonment . . . after

considering the factors set forth in section
3553(a) to the extent that they are applicable, if
it finds that-

(i) extraordinary and compelling reasons
warrant such a reduction

* * *

and that such a reduction is consistent with
applicable policy statements issued by the
Sentencing Commission.

FSA, 132 Stat. 5194, Pub. L. No. 115-391 (2018)(emphasis added).

Congress, however, did not provide any "statutory definition

of 'extraordinary and compelling reasons.'  Instead, Congress

stated . . . the Sentencing Commission, 'in promulgating general

policy statements regarding the sentencing modification

provisions in section 3582(c)(1)(A) of title 18, shall describe

what should be considered extraordinary and compelling reasons

for sentence reduction.'"  *Aruda*, 993 F.3d at 800.

Application Note 1 to United States Sentencing Guidelines

(U.S.S.G.) § 1B1.13 sets out the Sentencing Commission's policy

statement regarding "[r]eduction[s] in [t]erm[s] of

[i]mprisonment Under 18 U.S.C. § 3582(c)(1)(A)" as follows:

1.  Extraordinary and Compelling Reasons.-
. . . . extraordinary and compelling reasons
exist under any of the circumstances set
forth below:

(A) Medical Condition of the Defendant.--

* * *

(ii) The defendant is--

> (I) suffering from a serious
> physical or medical condition,
>
> * * *
>
> that substantially diminishes the ability of
> the defendant to provide self-care within the
> environment of a correctional facility and
> from which he . . . is not expected to
> recover.

That policy statement also requires the court to consider whether

the defendant is "a danger to the safety of any other person or

to the community, as provided in 18 U.S.C. § 3142(g)" when a

defendant satisfies the requirements of § 1B1.13(1).  U.S.S.G.

§ 1B1.13(2).  The Sentencing Commission, however, "has not

updated § 1B1.13 since the [FSA] amended § 3582(c)(1)(A).  The

current version of § 1B1.13 refers only to motions filed by the

BOP Director, and does not reference motions filed by a defendant

as now allowed under § 3582(c)(1)(A)."  *Aruda*, 993 F.3d at 800.

After the FSA amended § 3582(c)(1)(A) district courts across

the country were split on whether § 1B1.13(1) was an "applicable

policy statement[] issued by the Sentencing Commission" as to

motions for compassionate release filed by defendants rather than

by the BOP.  The Ninth Circuit addressed this split in *Aruda*

noting:

> (1) the text of § 3582(c)(1)(A) . . . only
> requires courts to consider "applicable" policy
> statements by the Sentencing Commission; (2) the
> text of U.S.S.G. § 1B1.13, . . . begins "[u]pon
> motion of the Director of the Bureau of Prisons";
> (3) the text of Application Note 4 to § 1B1.13,
> . . . states . . . "[a] reduction under this

> policy statement may be granted only upon motion
> by the Director of the Bureau of Prisons pursuant
> to 18 U.S.C. § 3582(c)(1)(A)"; (4) the text of
> Application Note 1(D) to § 1B1.13 . . . is a
> catch-all provision allowing only the "Director of
> the Bureau of Prisons" to determine "other"
> extraordinary and compelling reasons; and (5) the
> legislative history of the First Step Act's
> compassionate-release amendment . . . sought to
> expand and expedite compassionate-release motions
> because they had seldom been brought by the BOP.

*Aruda*, 993 F.3d at 801 (citations omitted).  Ultimately the Ninth
Circuit concluded "the Sentencing Commission has not yet issued a
policy statement applicable to § 3582(c)(1)(A) motions filed by a
defendant," and, therefore, "the current version [ of U.S.S.G.
§ 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C.
§ 3582(c)(1)(A) motions filed by a defendant." *Id*.  The Ninth
Circuit, however, also concluded the "Sentencing Commission's
statements in U.S.S.G. § 1B1.13 may inform a district court's
discretion for § 3582(c)(1)(A) motions filed by a defendant, but
they are not binding." *Id*. (citing *United States v. Gunn*, 980
F.3d 1178, 1180 (7th Cir. 2020)).  Pursuant to *Aruda,* therefore,
the policy statement in U.S.S.G. § 1B1.13 is merely advisory
rather than mandatory in the context of motions for compassionate
release brought pursuant to § 3582(c)(1)(A) by defendants rather
than by the BOP.  Accordingly, this Court may only consider the
criteria set out in § 1B1.13 as advisory when evaluating
Defendant's Motion for Compassionate Release.

In its December 15, 2020, Opinion and Order the Court

considered the policy statement in U.S.S.G. § 1B1.13 to be
mandatory rather than advisory in the context of motions for
compassionate release brought pursuant to § 3582(c)(1)(A) by
defendants, the Court, therefore, must reevaluate Defendant's
Motion to Reduce Sentence under the appropriate standard.

## II.  Defendant's Medical Condition

In his Motion to Reduce Sentence Defendant asserted he has a
serious medical condition within the meaning of U.S.S.G.
§ 1B1.13.  Specifically, Defendant noted there had been confirmed
cases of COVID-19 at FCI Sheridan.  Defendant asserted although
he is only 32 years old, he "falls into the category of inmates
who are at heightened risk of serious illness from COVID-19" due
to his serious health conditions that include "coronary artery
disease, obesity, hypertension, and latent tuberculosis."  Def.'s
Mot. to Reduce Sentence at 4.

In its Response to Defendant's Motion to Reduce Sentence the
government did not dispute there had been confirmed cases of
COVID-19 at FCI Sheridan or that Defendant "is afflicted with
health conditions which could render him at greater risk for
illness were he to contract COVID-19."  Gov't Resp. at 4.  In
fact, the government stated if Defendant's health conditions
"were the Court's only consideration, [D]efendant's prior release
request and health conditions could warrant a reduction in his
sentence."  *Id*.

On that record the Court concluded in its December 15, 2020, Opinion and Order that Defendant established he was "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover" and, therefore, that he had a serious medical condition within the meaning of U.S.S.G. § 1B1.13.

In Defendant's Supplemental Motion filed after the Ninth Circuit's remand he notes his health has deteriorated since the court issued its December 15, 2020, Opinion and Order. Specifically, Defendant notes his body mass index (BMI) has increased from 33.1 to 44.1 and he is now prediabetic in addition to his other health conditions.

The government acknowledges Defendant's weight gain and prediabetic condition, but notes Defendant is young and has been fully vaccinated against COVID-19, and, therefore, Defendant cannot satisfy the extraordinary and compelling standard.

Although the Ninth Circuit has not addressed whether an individual who has health conditions like those suffered by Defendant and who is fully vaccinated against COVID-19 can satisfy the extraordinary and compelling standard, this Court has previously concluded such an inmate cannot satisfy that standard. *See United States v. Gomez*, No. 3:09-CR-00243-BR, 2021 WL

3141506, at *5 (D. Or. July 26, 2021)("[T]he Court concludes Defendant has not satisfied the extraordinary and compelling standard because he is fully vaccinated against COVID-19, which 'minimizes any increased risk he face[s] due to his medical conditions.'"); *United States v. Wills*, No. 3:15-CR-00465-BR, 2021 WL 2179256, at *4 (D. Or. May 27, 2021)("[T]he Court concludes Defendant has not satisfied the extraordinary and compelling standard because he is fully vaccinated against COVID-19.").  Other district courts in the Ninth Circuit and other judges in this District have also concluded inmates who have been fully vaccinated and who suffer from conditions similar to those of Defendant have not satisfied the extraordinary and compelling standard.  *See, e.g., United States v. Prince*, No. 3:18-CR-00616-MO-1, 2021 WL 2903222, at *1 (D. Or. July 8, 2021)(denying the defendant's motion for compassionate release on the ground that although the defendant suffers from serious medical conditions, he is fully vaccinated against COVID-19); *United States v. Cardoza*, No. 3:17-CR-00438-JO, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021)(concluding the defendant, who was obese and suffered from asthma, "has not proven 'extraordinary and compelling reasons' justifying his release pursuant to 18 U.S.C. § 3582(c)(1)(A)" based on his "vaccination and the low rate of infection at FCI Terminal Island"); *United States v. Pena*, No. CR1900296001PHXDJH, 2021 WL 1688240, at *1 (D. Ariz.

Apr. 28, 2021)("[T]he Government notes [Defendant] received both
doses of the COVID-19 vaccine.  The Government contends this is
an additional basis to deny her current Motion [for Compassionate
Release].  The Court agrees."); *United States v. Sakuma*, No. CR
12-00055 JMS, 2021 WL 1536571, at *3 (D. Haw. Apr. 19, 2021)
("[T]aking into account Defendant's age [58], risk factors
[diabetes, high blood pressure, and high cholesterol], and that
he has been vaccinated, the court concludes that [Defendant] has
failed to demonstrate that extraordinary and compelling reasons
warrant compassionate release."); *United States v. Martinez*,
No. 19-CR-5218-MMA, 2021 WL 927360, at *3 (S.D. Cal. Mar. 10,
2021)(Even though the defendant suffered from obesity and high
blood pressure, the court denied the defendant's motion for
compassionate release because the defendant had been fully
vaccinated against COVID-19.); *United States v. Grummer*,
No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16,
2021)("Although Defendant suffers from several chronic medical
conditions, his vaccination significantly mitigates the risk that
he will contract COVID-19."); *United States v. Ballenger*,
No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29,
2021)(denying the defendant's motion for compassionate release
because "[a]lthough it is currently unknown how long immunity
produced by vaccination lasts, based on evidence from clinic
trials, the Pfizer-BioNTECH vaccine [that defendant] received was

95% effective at preventing COVID-19 illness.  The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden.").

In addition, district courts in the Ninth Circuit and other judges in this District have concluded inmates who are fully vaccinated against COVID do not satisfy the extraordinary or compelling standard even in light of the emergence of the delta variant.  *See, e.g., United States v. Gentry*, No. 3:08-CR-00140-JO, 2021 WL 4499035, at *2 (D. Or. Oct. 1, 2021)(denying motion for compassionate release of fully-vaccinated inmate after considering delta variant); *United States v. Graham*, No. 3:12-CR-00178-MO-1, 2021 WL 4722000, at *1 (D. Or. Aug. 24, 2021) (same); *United States v. Capito*, No. CR-1008050001PCTMTL, 2021 WL 4552954, at *4 (D. Ariz. Oct. 5, 2021)(concluding "defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release" even after considering the delta variant); *United States v. Mohamud*, No. 10CR4246 JM, 2021 WL 4460705, at *4 (S.D. Cal. Sept. 29, 2021)(same); *United States v. Finazzo*, No. CR 11-00383 LEK, 2021 WL 4391256, at *3 (D. Haw. Sept. 24, 2021) (same).

The Court finds these cases to be persuasive and adopts their reasoning.  Accordingly, on this record the Court concludes Defendant has not satisfied the extraordinary and compelling standard because he is fully vaccinated against COVID-19, which

minimizes any increased risk he faces due to his medical
conditions.

## IV.  Danger to Society

In his Supplemental Memorandum in Support of his Motion to
Reduce Sentence Defendant continues to assert he would not be a
danger to the community if he was released because he has not had
any disciplinary infractions during his present term of
incarceration; he has earned all credit available for good
conduct; and he has completed numerous educational and
rehabilitative programs, including wellness, communication, math,
and six levels of anger management.  Defendant also notes he
suffered a shattered left femur from gunshot and had metal rods
inserted from his knee to his hip.  Defendant's injury did not
heal properly, and he had "delayed union of the fracture and
shrapnel remaining in the wound."  Def.'s Mot. at 3.  As a
result, Defendant was wheelchair bound until November 2019.
Defendant now walks with a cane and experiences severe pain when
he stands or walks.  Defendant asserts his limited mobility
greatly reduces his ability to commit further crimes.

The government continues to assert Defendant would present a
danger to the safety of any other person or to the community if
he was released.

In the December 15, 2020, Opinion and Order the Court
considered the § 3142(g) factors when determining whether

Defendant was a danger.  The Court concluded the facts underlying
Defendant's crime of conviction, Defendant's considerable history
of possessing firearms, committing firearms-based felonies, and
reoffending when released from custody indicated Defendant would
continue to be a danger if he was released.  The Court also
concluded Defendant's gun-shot injury, though severe, did not
indicate Defendant was not likely to be a danger if he was
released.

Considering the § 1B1.13 criteria set out as advisory rather
than mandatory as directed in *Aruda*, the Court concludes the
record does not reflect that Defendant would not be a continuing
danger to society if he is released to community confinement.

Accordingly, in the exercise of its discretion, the Court
**DENIES** Defendant's Motion to Reduce Sentence because Defendant
has not established he suffers from a sufficiently serious
medical condition and the record does not reflect that Defendant
would not be a continuing danger to society if he is released to
community confinement.


## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#78)

to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

DATED this 29th day of November, 2021.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

15 - OPINION AND ORDER